**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 9, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-11311
Summary Calendar

LONNIE CHARLES CHALMERS,

Plaintiff-Appellant,

versus

COLLEEN L. RIDGE, Chief of Police; LARRY WILSON, Director
Human Resources University of Texas at Dallas

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CV-2145-G
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Lonnie Charles Chalmers proceeding pro se, moves for leave to proceed in forma pauperis ("IFP") in the appeal of the district court's dismissal as frivolous pursuant to 28 U.S.C. § 1915(e)(2) of his 42 U.S.C. § 1983 complaint. Chalmers' IFP motion is a challenge to the district court's certification that his appeal is not taken in good faith. Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Chalmers sued UTD Chief of Police Colleen Ridge and UTD Director of Human Resources Larry Wilson, alleging a denial of due process. Chalmers sought enforcement of an order issued in Civil Action No. 3:01-CV-0528-H in which the court stated that sex offender registration laws are regulatory and not punitive.

Chalmers reiterates his contention that he was denied due process when his employment with UTD was terminated. Chalmers argues that he does not have a felony conviction because his 1996 conviction for sexual assault of a child was set aside pursuant to TEX. CRIM. PROC. CODE 42.12 § 20.

As the district court determined, a government official cannot be held liable under 42 U.S.C. § 1983 on the basis of respondeat superior. See Monell v. Department of Soc. Servs., 436 U.S. 658, 694 & n.58 (1978). A government official can be held liable only if he was personally involved in the acts causing the deprivation of an individual's constitutional rights, or if there was a causal connection between his wrongful conduct and the constitutional violation sought to be redressed. Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987).

Chalmers has not challenged the district court's conclusion that his complaint did not provide a basis for the defendants' liability under 42 U.S.C. § 1983. Although we apply less stringent standards to parties proceeding pro se than to parties represented by counsel and liberally construe the briefs of pro se litigants, pro se parties must still brief the issues and

reasonably comply with the requirements of FED. R. CIV. P. 28. Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995). When an appellant fails to identify any error in the district court's reasons for dismissing his complaint, it is the same as if the appellant had not appealed that judgment. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Chalmers has not shown that the district court erred in certifying that an appeal would not be taken in good faith. He has not shown that he will present a nonfrivolous issue on appeal. Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for leave to proceed in forma pauperis is DENIED and the appeal is DISMISSED as frivolous. Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. Chalmers is cautioned that additional frivolous appeals filed by him or on his behalf will invite the imposition of sanctions.

MOTION FOR LEAVE TO PROCEED IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.